■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MORRIS, Appellant. [600 NYS2d 83] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered April 18, 1991, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction of assault in the first degree was not proven by legally sufficient evidence is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, the claim is without merit. Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People presented evidence that the defendant, while intoxicated, aimed a loaded gun at the victim's face, said "you're dead," and shot her. The defendant's contention that there was insufficient evidence to support his conviction of criminal possession of a weapon in the second degree because there was no intent to use the weapon unlawfully is also without merit. Further, in addition to the evidence discussed above, the People also presented evidence that a few hours earlier, the defendant had shown the victim his gun and said, "I'll use this". Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.